UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MECO WAGNER**                                                        **CIVIL ACTION**

**VERSUS**                                                                    **NO: 23-4826**

**AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA ET AL.**                            **SECTION "H"**

# ORDER AND REASONS

Before the Court are Defendants American Bankers Insurance Company of Florida and Assurant, Inc.'s Motion to Dismiss Action as Time Barred (Doc. 11) and Motion for Summary Judgment (Doc. 20). For the following reasons, Defendants' Motion to Dismiss Action as Time Barred is **DENIED AS MOOT**, and Defendants' Motion for Summary Judgment is **GRANTED**.

# BACKGROUND

This case arises out of an insurance contract dispute following Hurricane Ida. Plaintiff Meco Wagner alleges that Defendants American Bankers Insurance Company of Florida and Assurant, Inc. issued a Standard Flood Insurance Policy ("SFIP") covering property located at 19208 Greenleaf Circle in Ponchatoula, Louisiana ("the Policy").[1] Defendants provide flood insurance

---

[1] Doc. 1 at 3–4. To be sure, Defendant American Bankers Insurance Company of Florida is a WYO carrier, while Defendant Assurant, Inc. is not an insurer. Assurant, Inc. "indirectly owns 100% of American Bankers Insurance Company of Florida." Doc. 11-2 at 1. This declaration is not among those that Plaintiff moves this Court to strike. *See* Doc. 12 at 2.

1

as a "Write Your Own" ("WYO") carrier through the National Flood Insurance Program ("NFIP"), which is administered by the Federal Emergency Management Agency ("FEMA").[2] After Hurricane Ida, Plaintiff filed a claim and sought insurance proceeds from Defendants under the Policy. Plaintiff alleges that Defendants wrongfully withheld payment for Plaintiff's claims by improperly adjusting the damages and grossly undervaluing the damages and costs to repair the covered property.[3]

On June 7, 2022, Plaintiff retained McClenny, Moseley & Associates, PLLC ("MMA") to represent her in the claims presently asserted against Defendants.[4] As a result of rulings across Louisiana addressing the misconduct of attorneys at MMA, Plaintiff retained new counsel on June 9, 2023.[5] Plaintiff filed a Complaint on August 29, 2023, asserting various breach of contract, breach of the duty of good faith and fair dealing, and negligent misrepresentation claims. Plaintiff avers that she is entitled to damages for the full value of her property, contents lost, loss of use, recoverable depreciation, mold damage and remediation, debris clean up and removal, and costs of compliance. Plaintiff also seeks statutory penalties, legal interest, and attorney's fees and costs.

On October 30, 2023, Defendants filed a Motion to Dismiss Action as Time Barred, which Plaintiff opposed.[6] On April 9, 2024, this Court converted Defendants' Motion to Dismiss to a Motion for Summary Judgment and

---

[2] Congress created the National Flood Insurance Program pursuant to the National Flood Insurance Act. 42 U.S.C. § 4001. In its capacity as a WYO insurer, Defendant is acting as a fiscal agent of the United States. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005) (citing 42 U.S.C. § 4071(a)(1)).
[3] Doc. 1 at 4.
[4] Doc. 12 at 1.
[5] *Id.*
[6] *See generally id.*

ordered the parties to supplement their pleadings.[7] Defendants instead filed a Motion for Summary Judgment on April 24, 2024. Accordingly, Defendants' Motion to Dismiss is **DENIED AS MOOT**, and the Court will consider Defendants' arguments under the motion for summary judgment standard.

## LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.[8] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[9] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[10] "The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[11]

## LAW AND ANALYSIS

Defendants argue that this case should be dismissed as time-barred because "Plaintiff[] failed to file this action within one year from the date of denial of [her] claim."[12] Defendants further aver that Plaintiff's extra-contractual claims for attorney's fees, bad faith, costs, and interest are preempted and barred by federal law.[13] The Court therefore considers whether

---

[7] Doc. 17.
[8] FED. R. CIV. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
[9] Engstrom v. First Nat'l Bank, 47 F.3d 1459, 1462 (5th Cir. 1995).
[10] *Celotex Corp.*, 477 U.S. at 322.
[11] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[12] Doc. 11 at 1.
[13] *Id.*

Plaintiff's contractual and extra-contractual claims must be dismissed under the motion for summary judgment standard.

  1. *Contract Claims*

Defendants aver that Plaintiff's breach of contract claims against them are time barred under 42 U.S.C. § 4072, which provides in pertinent part that:

> [U]pon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, *within one year after the date of mailing notice of disallowance or partial disallowance* by the Administrator, may institute an action against the Administrator . . . .[14]

The SFIP also includes the following provision:

> You may not sue us to recover money under this policy unless you have complied with all requirements of the policy. If you do sue, you must start the suit *within one year of the date of the written denial* of all or part of the claim . . . .[15]

This one-year limitations period applies to any claim brought under the SFIP and to any dispute arising from the handling of such claim.[16]

Defendants attached to their Motion a copy of the letter denying Plaintiff's insurance claim dated October 20, 2021.[17] Therein, Defendants inform Plaintiff that they "denied a portion of [her] claim based on the applicable provisions of the Standard Flood Insurance Policy (SFIP)," namely her claim for flood damage to a wood privacy fence.[18] Courts, including the Fifth Circuit, have repeatedly held that letters with similar language constitute "notice[s] of disallowance" that begin the one-year prescriptive

---

[14] 42 U.S.C. § 4072 (emphasis added).
[15] 44 C.F.R. pt. 61, App. A(1), Art. VII(R) (emphasis added); *Wright*, 415 F.3d at 386 ("The terms of SFIP policies are dictated by FEMA.").
[16] 44 C.F.R. pt. 61, App. A(1), Art. VII(R).
[17] Doc. 20-4.
[18] *Id.* at 3; Doc. 20-2 at 3.

4

period under the National Flood Insurance Act.[19] Plaintiff, however, disputes whether Defendants actually sent the letter to Plaintiff or her counsel.

To demonstrate that the notice of disallowance was mailed, Defendants submitted the declaration of Shane Roberts, Senior Director for Assurant Global P&C Claims, wherein he states that:

> On October 20, 2021, ABIC sent a letter to Plaintiff identifying the amount of loss for covered damages at the Property and denying a portion of the claim as not being covered under the SFIP. The letter was properly addressed to Plaintiff and mailed to Plaintiff via U.S. Postal Service and emailed to Plaintiff.[20]

In response, Plaintiff asks this Court to strike certain paragraphs from the declaration of Shane Roberts because he lacks personal knowledge of the facts stated.

Indeed, a declaration used to support a motion for summary judgment must be based on personal knowledge and show that the declarant is competent to testify.[21] In considering whether Mr. Roberts's declarations are supported by personal knowledge, the Court finds the Fifth Circuit's analysis in *Crear v. Select Portfolio Servicing Inc.* instructive.[22] In finding that the declarant satisfied the requirements of Federal Rule of Civil Procedure 56(c)(4), the court noted that:

> [The declarant] stated that the declaration was made based on his personal knowledge and established that he was competent to testify. His testimony that the December 4, 2009, and July 16, 2010, letters were sent by certified mail is based on his knowledge of his law firm's ordinary practices and a review of its

---

[19] *See Bateman*, 2024 WL 894790, at *2 (Vance, J.) (citing McInnis v. Liberty Mut. Fire Ins. Co., No. 22-30022, 2022 WL 4594609, at *3 (5th Cir. Sept. 30, 2022); Cohen v. Allstate Ins. Co., 924 F.3d 775, 781 (5th Cir. 2019)); Verret v. SafeCo Ins. Co. of Am., No. 23-2292, 2023 WL 5608018 (E.D. La. Aug. 30, 2023) (Brown, J.).
[20] Doc. 20-2 at 3.
[21] FED. R. CIV. P. 56(c)(4).
[22] 760 F. App'x 291, 295 (5th Cir. 2019).

5

recordkeeping system. We have recognized that an affiant may have personal knowledge of an organization's practices by participating in those practices and reviewing the organization's records.[23]

Here, Mr. Roberts states that his personal knowledge is derived from the fact that, in his capacity as Senior Director for Assurant Global P&C Claims, he is the corporate representative of Defendants for flood claims, and he is the custodian of Defendants' records for Plaintiff Meco Wagner's case.[24] Mr. Roberts also attached a copy of the letter to his declaration. Accordingly, this Court finds that Mr. Roberts's declaration is prima facie evidence that the notice of disallowance was mailed to Plaintiff on October 20, 2021, and Defendants have carried their burden of demonstrating that Plaintiff's breach of contract claims are time barred.

The burden shifts to Plaintiff to produce evidence or designate specific facts showing the existence of a genuine issue for trial.[25] Plaintiff responds that it is "factually contested" whether "Defendants mailed the alleged October 20, 2021 denial letter to Plaintiff" and whether "Defendants have proof" that the letter was actually mailed.[26] Plaintiff's conclusory allegation that there is "no proof" that Defendants sent the notice of disallowance is insufficient to establish that a material fact is genuinely disputed.[27] Plaintiff fails to otherwise provide any competent summary judgment evidence or point to any facts to carry her burden in creating a genuine issue of material fact.

---

[23] *Id.* at 294 n.1 (citing F.D.I.C. v. Patel, 46 F.3d 482, 484 (5th Cir. 1995)).
[24] Doc. 20-2 at 1.
[25] *Engstrom*, 47 F.3d at 1462.
[26] Doc. 22 at 3.
[27] Perkins v. Bank of Am., 602 F. App'x 178, 181 (5th Cir. 2015) ("[Plaintiff's] assertion in his original petition filed in state court that '[t]here is no proof that [defendant] sent a proper default letter,' is not sufficient evidence to establish the existence of a genuine issue of material fact for summary judgment purposes.").

Accordingly, the Court finds that there remains no issue of material fact as to whether Defendants mailed the notice of disallowance to Plaintiff.

Because Plaintiff filed her Complaint over one year after Defendants mailed the notice of disallowance,[28] this Court finds that Plaintiff's breach of contract claim has prescribed pursuant to 42 U.S.C. § 4072.[29] As an alternative to dismissal, Plaintiff asks this Court to "permit discovery on the issue of notice and the issuing of correspondence either to Plaintiff directly or with Plaintiff's former MMA attorneys."[30] Federal Rule of Procedure 56(d) permits courts to defer or deny a motion for summary judgment and allow time to obtain affidavits or declarations or to take discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Because Plaintiff has failed to provide any such affidavit or declaration, the Court declines to defer ruling on this Motion. Plaintiff's contractual claims must therefore be dismissed as time barred.

   *2. Extra-Contractual Claims*

Defendants next argue that Plaintiff's extra-contractual claims are preempted by federal law. In response, Plaintiff has "agree[d] to dismiss all other claims for extra-contractual relief that are not permitted as a matter of law."[31] The NFIP was established by the National Flood Insurance Act of 1968 and is administered by FEMA.[32] In 1977, FEMA promulgated the SFIP, which

---

[28] *See* Doc. 1 (filed August 29, 2023).

[29] While a plaintiff may recover attorney's fees and costs from FEMA pursuant to the Equal Access to Justice Act (EAJA), Plaintiff has not sued FEMA. *See* Qader v. Federal Emergency Mgmt. Agency, 543 F. Supp. 2d 558, 563 (E.D. La. 2008) (Feldman, J.) (citations omitted). Accordingly, Plaintiff is not entitled to attorney's fees and costs against Defendants. *See* Dwyer v. Fid. Nat'l Prop. & Cas. Ins. Co., 565 F.3d 284, 289–90 (5th Cir. 2009) ("[S]erving as a fiscal agent and a participant in a heavily regulated federal program did not transform [the WYO carrier] into a federal agency under the EAJA.").

[30] Doc. 22 at 2.

[31] Doc. 22 at 5.

[32] Gallup v. Omaha Prop. and Cas. Ins. Co., 434 F.3d 341, 342 (5th Cir. 2005).

allows private insurers to operate as WYO companies.[33] These WYO insurance companies issue their own SFIPs and arrange for the adjustment, settlement, payment, and defense of claims arising out of these policies.[34] FEMA administers the SFIP, and claims are ultimately paid out of the United States Treasury.[35] In 2000, FEMA added the following language to Article IX of the SFIP:

> IX. What Law Governs
>
> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, et seq.), and Federal common law.[36]

Following the promulgation of this regulation, the Fifth Circuit reaffirmed its holding in *Wright v. Allstate Insurance Co.*, where it held "that state law tort claims arising from claims handling by a WYO are preempted by the National Flood Insurance Act."[37] It is now settled law that any claims for damages, penalties, and attorney's fees under state law are preempted.[38] "In other words, insureds under SFIP policies have one remedy, and only one remedy for nonpayment of claims: a suit for breach of contract."[39] As such,

---

[33] *Id.*
[34] *Id.*
[35] *Id.* at 343.
[36] 44 C.F.R. pt. 61, App. A(1), Art. IX (2001).
[37] *Gallup*, 434 F.3d at 345 (citing Wright v. Allstate Ins. Co., 415 F.3d 384 (5th Cir. 2005)).
[38] Favaro v. Wright Nat'l Flood Ins. Co., No. CV 17-1711, 2018 WL 3419271, at *3 (M.D. La. July 13, 2018) (holding that "relying on well-settled, binding Fifth Circuit jurisprudence, the Court finds that Plaintiffs' state law claims are preempted by federal law"); Howell-Douglas v. Fid. Nat'l Indem. Ins. Co., 24 F. Supp. 3d 579, 583 (E.D. La. 2014) (holding that FEMA "regulations expressly preempt state tort law claims arising from claims handled by a WYO"); Nichols v. Wright Nat'l Flood Ins., No. 18-441, 2019 WL 639170, at *3 (W.D. La. Jan. 16, 2019) (stating that "[t]he Fifth Circuit has clearly held that federal law preempts state law tort claims arising from claims handling by a WYO insurer").
[39] *Howell-Douglas*, 24 F. Supp. 3d at 583.

Plaintiff's extracontractual state law claims for negligent misrepresentation, breach of the duty of good faith and fair dealing, statutory penalties, and related attorney's fees and costs are preempted and barred.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 11) is **DENIED AS MOOT**, and Defendants' Motion for Summary Judgment (Doc. 20) is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 23rd day of May, 2024.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**